IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| VIOLANDA RIOS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. C-06-439 |
| MERCK & CO., INC., AMERISOURCE, INC., BERGEN BRUNSWIG DRUG COMPANY d/b/a AMERISOURCEBERGEN, and RAYMOND B. ACEBO, M.D. | § § § § § § | |
| Defendants. | § § | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

On this day came on to be considered Plaintiff's Motion to Remand the above-styled action for lack of subject matter jurisdiction. (D.E. 3). For the reasons set forth below, the Court hereby DENIES Plaintiff's Motion to Remand the case back to the County Court at Law No. 3 of Nueces County, Texas.

**I.   Factual and Procedural Background**

Plaintiff Violanda Rios filed her Original Petition in state court on August 16, 2006. (D.E. 1, Notice of Removal, ¶ 1; Exh. B to Notice of Removal, Plaintiff's Original Petition ("Petition")). Plaintiff alleges that Defendants Merck & Co., Inc. ("Merck"), Amerisource, Inc., and Bergen Brunswig Drug Company d/b/a AmerisourceBergen (collectively the "Drug Defendants") manufactured, marketed, promoted, sold, and distributed Vioxx (Rofecoxib), a prescription drug designed to treat pain.

(Petition, ¶ VII).[1]  Plaintiff Violanda Rios alleges that she took Vioxx for pain relief, and as a result of her ingestion of Vioxx, Ms. Rios "suffered from complications which led to serious and life threatening injuries".  (Petition, ¶ VI).  Plaintiff alleges several causes of action against the Drug Defendants, including negligence, fraud, and breach of warranties.  (Petition, ¶¶ VII-XIV).

Merck was served with Plaintiff's Original Petition on August 31, 2006. (Notice of Removal, ¶ 2).  On September 29, 2006, Merck, with the consent of AmerisourceBergen, removed the action to this Court, alleging diversity jurisdiction.  (Notice of Removal, ¶¶ 4, 9-14; Exh. G to Notice of Removal (Consent of AmerisourceBergen)).  See 28 U.S.C. § 1332.  Merck claims that the amount in controversy exceeds the jurisdictional requirement of $75,000, and the parties are diverse because Plaintiff is a citizen of Texas and all properly-joined Defendants are citizens of different states. (Notice of Removal, ¶¶ 3, 9-14).  Merck alleges that Texas citizen Raymond B. Acebo, M.D., who was originally named as a Defendant by Plaintiff, was improperly joined to defeat diversity.  (Notice of Removal, ¶ 14).

---

[1] In the Notice of Removal, Merck states that AmerisourceBergen Drug Corporation ("AmerisourceBergen") is incorrectly identified and sued as "Amerisource, Inc." and "Bergen Brunswig Drug Company d/b/a Amerisourcebergen."  (Notice of Removal, ¶ 1).

**II.  Discussion**

Merck's Notice of Removal and Plaintiff's Motion to Remand both address at length whether Dr. Acebo was improperly joined by Plaintiff to defeat federal diversity jurisdiction.  (D.E. 1, Notice of Removal, ¶¶ 14-23; D.E. 3, Memorandum in Support of Remand, ¶¶ 7-8, 11-14).

However, attached as an Exhibit to Merck's Notice of Removal is ***Plaintiff's Notice of Non-Suit of Defendant Raymond B. Acebo, M.D.***  (D.E. 1, Notice of Removal, Exh. B, Notice of Non-Suit of Defendant Raymond B. Acebo ("Notice of Nonsuit")).  Plaintiff Violanda Rios filed a notice "to the Court and to all parties to this suit that she is nonsuiting her cause of action against Defendant Raymond B. Acebo, M.D., **ONLY**, without prejudice, effective immediately on the filing of this notice."  (Id.) (emphasis in original).  The notice was filed on September 1, 2006. (Id.).  Per Texas Rule of Civil Procedure 162, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit".  Tex. R. Civ. P. 162; see also Ventura v. Banales, 905 S.W.2d 423, 424 (Tex. App.--Corpus Christi 1995) ("[i]n Texas, the plaintiff has an absolute right to take a nonsuit at any time before he has introduced all of his evidence.").  A court order is not necessary for a plaintiff to nonsuit a defendant, even one who has answered or otherwise appeared in the litigation.  See Tex. R.

Civ. P. 162; <u>Texas Mut. Ins. Co. v. Ledbetter</u>, 192 S.W.3d 912, 920 (Tex. App.--Eastland 2006) ("plaintiff has the right to nonsuit its claims at any time before it introduces its evidence. Court approval is not required."). Per Texas law and the language in the document, Plaintiff's nonsuit of Dr. Acebo took effect when filed. <u>See</u> <u>Strawder v. Thomas</u>, 846 S.W.2d 51, 58 (Tex. App.--Corpus Christi 1992) ("[the] taking of a nonsuit does not necessitate the filing of any other pleadings or observing other technical rules, but merely requires the appearance before the court or clerk by a plaintiff, and the transmittal to the clerk of the party's abandoning its claims. No particular procedure is required to take a nonsuit.") (<u>see</u> <u>also</u> Notice of Nonsuit).[2]

Per Plaintiff's nonsuit, Dr. Acebo is no longer a Defendant in this case. (Notice of Nonsuit). Both Merck and Plaintiff failed to note the notice of nonsuit in their briefs before the Court, although the notice of nonsuit was attached as an Exhibit to Merck's Notice of Removal.[3] (<u>See</u>, <u>generally</u>, D.E. 1, Notice of Removal (and attachments); D.E. 3 and 4, Motion to Remand and

---

[2]Moreover, there is no evidence in the available record that the nonsuit did not take effect as to Mr. Acebo. <u>See</u>, <u>generally</u>, D.E. 1, Notice of Removal (and attachments)).

[3]The notice of nonsuit was signed by Jack Modesett III and Douglas A. Allison, counsel of record for Plaintiff Violanda Rios. (<u>Id.</u>). Mr. Modesett also signed the remand motion arguing that diversity jurisdiction did not exist because Dr. Acebo was a properly joined Defendant in the case. (D.E. 3, 4). Mr. Allison is also listed as counsel for Plaintiff on the remand motion. (<u>Id.</u>).

Supporting Memorandum).[4]

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

Since Dr. Acebo is no longer a Defendant in the above-styled action, this Court does have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000[5], exclusive of interest and costs, and Plaintiff and Defendants are citizens of different states.[6]  (Notice of Removal,

---

[4]Of note, Merck also alleges in its Notice of Removal that "[u]pon information and belief, the Doctor Defendant [Dr. Acebo] has not been served and has not answered."  (D.E. 1, Notice of Removal, ¶ 2).  However, attached as Exhibits to Merck's Notice of Removal are records of service on Dr. Acebo, a request for jury trial by Dr. Acebo, and Dr. Acebo's answer to Plaintiff's Original Petition.  (D.E. 1, Notice of Removal (and attachments)).

[5]Plaintiff does not specify a dollar amount of damages in her Original Petition, but she seeks legal damages including but not limited to physical pain and suffering, mental anguish, reasonable and necessary medical expenses, loss of wages and/or wage earning capacity, loss of physical capacity, disfigurement, loss of consortium, and other losses.  (Petition, ¶ XV).  Plaintiff also seeks exemplary damages.  (Id. at ¶ XIX).  Where a plaintiff's petition contains allegations such as these, the Fifth Circuit has found that it is "facially apparent" that the amount in controversy exceeds the jurisdictional requirement.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999).

[6]Plaintiff Violanda Rios is a citizen of Texas, Merck is a citizen of New Jersey (it is incorporated in and has its principal place of business in New Jersey), and AmerisourceBergen is a citizen of Delaware and Pennsylvania (it is incorporated in

¶¶ 11-13).  <u>See</u> 28 U.S.C. § 1332.

**III. <u>Conclusion</u>**

For the reasons stated above, the Court has diversity jurisdiction over this action.  Accordingly, the Court DENIES Plaintiff's Motion to Remand (D.E. 3) the above-styled action to the County Court at Law No. 3 of Nueces County, Texas.

SIGNED and ENTERED this 5th day of October, 2006.

_____
Janis Graham Jack
United States District Judge

---

Delaware and has its principal place of business in Pennsylvania). (D.E. 1, Notice of Removal, ¶¶ 11-13).